IN THE UNITED STATES DISTRICT COURT OF
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| RODNEY HUDSON ET AL, individually and on behalf of others similarly situated | § § § | CIVIL ACTION NO. 5:19-cv-00862 |
| VS. | § § § | JUDGE _____ |
| CHESAPEAKE OPERATING, L.L.C. | § § | MAGISTRATE JUDGE _____ |

LOCAL RULE 3.1 STATEMENT
RE: COLLATERAL PROCEEDINGS AND REFILED CASES

Pursuant to Local Rule 3.1 Chesapeake Operating, L.L.C. ("Chesapeake"), submits this list of matters pending in the Western District of Louisiana that involve subject matter that comprises all or a material part of the subject matter of the present action.

1.  *Johnson v. Chesapeake Louisiana, LP et al*, No. 16-1543 (W.D. La.).

The *Johnson* action involves the same defendant (Chesapeake Operating, L.L.C.), one of the same plaintiffs (Rodney Hudson), and, in part, the same subject matter as Count I of Plaintiffs' petition in the present action—namely, the issue of whether, under Louisiana law, a unit operator can charge unleased mineral owners their proportionate share of the post-production costs incurred in marketing their share of unit production.

Respectfully submitted,

**JONES WALKER LLP**

_Michael B. Donald, LSBA No. 16891 (T.A.)_
Nicole M. Duarte, LSBA No. 22507
811 Main Street, Suite 2900
Houston, TX 77002
P: 713-437-1800
F: 713-437-1810
E: mdonald@joneswalker.com
E: nduarte@joneswalker.com

**_Counsel for Defendants,_**
**_Chesapeake Operating, L.L.C._**

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of July 2019, a true and correct copy of the foregoing has been served on all known counsel of record via electronic filing, email, facsimile and/or certified mail, return receipt requested.

Randall S. Davison, LSBA No. 4715
Grant E. Summers, LSBA No. 23953
Andrew D. Martin, LSBA No. 34947
J. Davis Powell, LSBA No. 33631
**DAVIDSON SUMMERS, APLC**
330 Marshall Street, Suite 1114
Shreveport, LA 71101
P: 318-424-4342
F: 318-226-0168
E: rsdav@davidsonsummers.com
E: gsummers@davidsonsummers.com
E: dmartin@davidsonsummers.com
E: dpowell@davidsonsummers.com

*Counsel for Plaintiffs,*
*Rodney Hudson, James Garner, Jessica*
*Garner Cox, Judy Marie Thomas Dickson,*
*John Samuel Mayo, Jr.*

Michael G. Stag, LSBA No. 23314
Ashley M. Liuzza, LSBA No. 34645
Matthew D. Rogenes, LSBA No. 36652
**STAG LUIZZA, LLC**
365 Canal Street, Suite 2850
New Orleans, LA 70130
P: 504-593-9600
F: 504-593-9601
E: mstag@stagliuzza.com
E: aliuzza@stagliuzza.com
E: mrogenes@stagliuzza.com

*Counsel for Plaintiffs,*
*Rodney Hudson, James Garner, Jessica*
*Garner Cox, Judy Marie Thomas Dickson,*
*John Samuel Mayo, Jr.*

Sally D. Fleming, LSBA No. 20814
Owen M. Courreges, LSBA No. 31113
**THE LAW OFFICE OF**
**SALLY DUNLAP FLEMING, P.L.C.**
829 Baronne Street
New Orleans, LA 70113
P: 504-891-3090
F: 504-895-5190
E: fleminglawfirmnola@gmail.com
E: owen@courregeslaw.com

*Counsel for Plaintiffs,*
*Rodney Hudson, James Garner, Jessica*
*Garner Cox, Judy Marie Thomas Dickson,*
*John Samuel Mayo, Jr.*

_____
Nicole M. Duarte

### IN THE UNITED STATES DISTRICT COURT OF
### WESTERN DISTRICT OF LOUISIANA
### SHREVEPORT DIVISION

| | | |
|---|---|---|
| **RODNEY HUDSON ET AL, individually** | § | **CIVIL ACTION NO. 5:19-cv-00862** |
| **and on behalf of others similarly situated** | § | |
| | § | |
| **VS.** | § | **JUDGE _____** |
| | § | |
| **CHESAPEAKE OPERATING, L.L.C.** | § | |
| | § | **MAGISTRATE JUDGE _____** |

### NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441 *et seq.*, 1453(b), and 1332, and further based on the grounds set forth in this Notice of Removal, Defendant Chesapeake Operating, L.L.C. ("Chesapeake") hereby removes this action from the Forty-Second Judicial District Court for the Parish of DeSoto, State of Louisiana, to the United States District Court for the Western of Louisiana, Shreveport Division.   In support of this Notice of Removal, Chesapeake submits as follows:

1.

On March 22, 2019, Plaintiffs Rodney Hudson, James Garner, Jessica Garner Cox, Judy Marie Thomas Dickson, and John Samuel Mayo, Jr., both individually and on behalf of all others similarly situated, filed their Class Action Petition Against Chesapeake Operating, L.L.C. for Class Certification, Declaratory Judgment, Injunctive Relief and Damages.  Plaintiffs seek these various forms of relief based on Chesapeake's allegedly improper deduction of post-production costs with respect to production payments to unleased mineral owners ("UMOs") related to the Haynesville Shale and Bossier Shale formations in Louisiana.  A copy of the Petition is attached as Exhibit 1.

## <u>STATUTORY GROUNDS FOR REMOVAL</u>

2.

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and without prejudice to any defense Chesapeake may have to Plaintiffs' action, Chesapeake files this Notice of Removal.

3.

Upon information and belief, Plaintiffs Rodney Hudson, James Garner, Judy Marie Thomas Dickson, and John Samuel Mayo, Jr. are all individuals who are now, and were at the commencement of this action, citizens of the State of Louisiana for diversity purposes.  Exhibit 1 at ¶12.  Upon information and belief, Plaintiff Jessica Garner Cox is an individual who is now, and was at the time of the commencement of this action, a citizen of the State of Texas for diversity purposes.  Exhibit 1 at ¶12.

4.

Chesapeake is now, and was at the time of the commencement of this action, a limited liability company organized and existing under the laws of the State of Oklahoma.  Its sole member is Chesapeake Energy Corporation, a corporation organized under the laws of the State of Oklahoma with its principal place of business in the State of Oklahoma.

5.

Chesapeake is completely diverse from all named Plaintiffs.  *See Manguno v. Prudential Prop. & Cas., Inc.*, 276 F.3d 720, 723 (5th Cir. 2002) (in a putative class action, diversity must exist only between the named parties and not all putative class members).

6.

Based upon Plaintiffs' Petition and demands, it is facially apparent that the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, with respect to each

named Plaintiff. Specifically, Plaintiffs seek, among other things, damages in the amount of the post-production costs passed through to them by Chesapeake since January 1, 2008. Exhibit 1 at ¶7. Even without considering any potential attorney's fee award, Plaintiffs' claims facially satisfy the amount-in-controversy requirement.

8.

Further, under Louisiana Code of Civil Procedure article 595, Louisiana courts are authorized to award the costs of litigation, including attorney's fees, which are attributed solely to the class representatives. *See In re Exxon Chemical Fire,* 558 F.3d 378, 390 (5th Cir. 2009); *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864 (5th Cir. 2002). In light of the number of putative class members, alleged by Plaintiffs to be in the "thousands," and the amount of their potential recovery based upon the nature and duration of their claims, the potential attorney's fee recovery could be significant and, alone or in conjunction with the amount of damages described in the preceding paragraph, is sufficient to satisfy the $75,000 amount in controversy for each named Plaintiff.

9.

A number of federal district courts in Louisiana have found, for purposes of removal, the amount in controversy satisfied where, as here, the potential award of attorney's fees and costs to the class representatives was in excess of the jurisdictional minimum. *See, e.g., Harris v. Schering-Plough Corp.*, 2001 WL 986866, at *2-3 (E.D. La. Aug. 28, 2001) (denying motion to remand in action alleging harm from prescription drug on behalf of putative class of several thousand); *McKnight v. Illinois Central R. Co.*, 967 F. Supp. 182 (E.D. La. 1997) (denying motion to remand in train derailment action involving putative class of over two thousand); *Kimball v. Modern Woodmen of America*, 939 F. Supp. 479 (M.D. La. 1996) (denying remand

motion in action alleging insurance sales practices on behalf of class that could include hundreds of persons or more); *Brooks v. Georgia Gulf Corp.*, 924 F. Supp. 739 (M.D. La. 1996) (denying remand in action alleging harm from chemical release on behalf of class of townspersons).

10.

Alternatively, the claim of James Garner places in controversy an amount in excess of the $75,000 amount-in-controversy requirement. Specifically, Chesapeake's records indicate that the amount of post-production costs passed through to James Garner since 2008 in only one well in which he holds an interest as an unleased mineral owner exceeds $75,000. Because the Court may exercise jurisdiction over at least one named Plaintiff class member, the Court also has supplemental jurisdiction under 28 U.S.C. § 1367 over the claims of the other putative class members. *See Grant*, 309 F.3d at 873.

11.

In the further alternative, Chesapeake removes this matter pursuant to the Class Action Fairness Act, 28 U.S.C. §§ 1332 and 1453. In addition to seeking relief on behalf of themselves individually, Plaintiffs purport to represent a class consisting of "Every private (non-public) individual or juridical person:

1.    Who possesses or possessed the right to explore for and produce minerals from immovable property located in Louisiana during any time from January 1, 2008 through present date;

2.    Whose mineral rights are not covered by a mineral lease;

3.    Whose mineral rights are contained within forced pooled units created by the Office of Conservation for the Haynesville Shale or Bossier Shale formation for which Chesapeake is the designated unit well operator;

4.      Who have had their pro-rata share of production of their respective pooled units

marketed by Chesapeake, as unit operator."

Exhibit A at ¶57.

12.

In support of their request for class action treatment, Plaintiffs allege, *inter alia*, that "Plaintiffs believe there are thousands of members of the proposed Class."

13.

Chesapeake's removal of this matter is proper under the Class Action Fairness Act. Specifically, as discussed herein, Plaintiff Rodney Hudson is a citizen of the State of Louisiana, while Chesapeake is a citizen of the State of Oklahoma.  Therefore, the requirement of minimal diversity is satisfied.  28 U.S.C. § 1332(d)(2)(A).

14.

Further, in light of Plaintiffs' allegation that the proposed Class numbers in the "thousands," the CAFA requirement for class numerosity is satisfied.  28 U.S.C. § 1332(d)(5).

15.

Finally, this matter satisfies the amount in controversy requirement for CAFA removal—$5,000,000, cumulatively.   28 U.S.C. § 1332(d)(2).   In their Petition, Plaintiffs allege that "Plaintiffs' claims are typical of the claims of the members of the Class."   Based upon the amount in controversy with respect to these named Plaintiffs' claims (and/or the claim of James Garner alone), the aggregated damages for this putative class are therefore well over the $5 million threshold when the claims of "thousands" of putative class members are considered. Accordingly, the jurisdictional amount is also satisfied under the Class Action Fairness Act.

16.

Chesapeake, the only Defendant herein, files this Notice of Removal within thirty (30) days of June 12, 2017, the date on which it was served with process.

17.

Pursuant to 28 U.S.C. § 1446(a), the pleadings filed in the state court action (No. 80300-B, Forty-Second Judicial District Court for the Parish of DeSoto) are being filed along with this Notice of Removal as Exhibit 2.  Additionally, Chesapeake provides a list of all documents included in the State Court record, arranged by order of filing date, as Exhibit 3; a list of all attorneys involved in the case and the parties they represent as Exhibit 4; and a certificate by counsel certifying that the entire State Court record has been provided as Exhibit 5.

18.

Pursuant to 28 U.S.C. § 1446(d), Chesapeake will serve a copy of the original Notice of Removal with the clerk of court for the Forty-Second Judicial District Court for the Parish of DeSoto and will serve a copy on counsel for Plaintiffs in the removed action.

19.

Pursuant to 28 U.S.C. § 1446(d), the filing of this Notice of Removal in this Court and the filing of same with the state court confers exclusive jurisdiction over this action to this Court and simultaneously divests the state court of jurisdiction with respect to this action.

WHEREFORE, Defendant Chesapeake Operating, L.L.C., prays that this action be removed from the Forty-Second Judicial District Court for the Parish of DeSoto to this Honorable Court.

Respectfully submitted,

**JONES WALKER LLP**

Michael B. Donald, LSBA No. 16891 (T.A.)
Nicole M. Duarte, LSBA No. 22507
811 Main Street, Suite 2900
Houston, TX 77002
P: 713-437-1800
F: 713-437-1810
E: mdonald@joneswalker.com
E: nduarte@joneswalker.com

***Counsel for Defendants,***
***Chesapeake Operating, L.L.C.***

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of July 2019, a true and correct copy of the foregoing has been served on all known counsel of record via electronic filing, email, facsimile and/or certified mail, return receipt requested.

Randall S. Davison, LSBA No. 4715
Grant E. Summers, LSBA No. 23953
Andrew D. Martin, LSBA No. 34947
J. Davis Powell, LSBA No. 33631
**DAVIDSON SUMMERS, APLC**
330 Marshall Street, Suite 1114
Shreveport, LA 71101
P: 318-424-4342
F: 318-226-0168
E: rsdav@davidsonsummers.com
E: gsummers@davidsonsummers.com
E: dmartin@davidsonsummers.com
E: dpowell@davidsonsummers.com

*Counsel for Plaintiffs,*
*Rodney Hudson, James Garner, Jessica Garner Cox, Judy Marie Thomas Dickson, John Samuel Mayo, Jr.*

Michael G. Stag, LSBA No. 23314
Ashley M. Liuzza, LSBA No. 34645
Matthew D. Rogenes, LSBA No. 36652
**STAG LUIZZA, LLC**
365 Canal Street, Suite 2850
New Orleans, LA 70130
P: 504-593-9600
F: 504-593-9601
E: mstag@stagliuzza.com
E: aliuzza@stagliuzza.com
E: mrogenes@stagliuzza.com

*Counsel for Plaintiffs,*
*Rodney Hudson, James Garner, Jessica Garner Cox, Judy Marie Thomas Dickson, John Samuel Mayo, Jr.*

Sally D. Fleming, LSBA No. 20814
Owen M. Courreges, LSBA No. 31113
**THE LAW OFFICE OF**
**SALLY DUNLAP FLEMING, P.L.C.**
829 Baronne Street
New Orleans, LA 70113
P: 504-891-3090
F: 504-895-5190
E: fleminglawfirmnola@gmail.com
E: owen@courregeslaw.com

*Counsel for Plaintiffs,*
*Rodney Hudson, James Garner, Jessica Garner Cox, Judy Marie Thomas Dickson, John Samuel Mayo, Jr.*

Nicole M. Duarte