UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

**RODNEY HUDSON,** *ET AL.*                **CIVIL ACTION NO. 5:19-CV-0862**

**VERSUS**                **JUDGE S. MAURICE HICKS, JR.**

**CHESAPEAKE LOUISIANA, L.L.C.**                **MAGISTRATE JUDGE HORNSBY**

---

**MOTION BY HUDSON PLAINTIFFS
FOR
DECLARATORY JUDGMENT, PRELIMINARY INJUNCTION,
AND
<u>EXPEDITED HEARING</u>**

**NOW INTO COURT,** through undersigned counsel, come Rodney Hudson, James Garner, Jessica Garner Cox, Judy Marie Thomas Dickson, and John Samuel Mayo, Jr. ("Plaintiffs"), who move against Chesapeake Operating, L.L.C. ("Chesapeake" or "Defendants"), pursuant to FED. RULE CIV. PROC. 57 and 28 U.S.C. § 2201 for: 1) an order declaring that any and all post-production costs retained by Chesapeake be and are the property of the Plaintiffs and subject to a claim for restitution; and, 2) an order requiring Chesapeake to account for post-production costs attributable to Plaintiffs' share of applicable wells on a quarterly basis and deposit the proceeds into the registry of the Court. Plaintiffs further pray that the foregoing relief be heard by this Court on an expedited basis and be granted without the necessity of Plaintiffs' posting a bond.

In its Judgment of March 21, 2019, rendered in the parallel litigation entitled *Allen Johnson, et al., v. Chesapeake Louisiana, L.P., et al.*, case no. 5:16-CV-01543, this Court ruled that the Plaintiffs are entitled to repayment of post-production costs. Chesapeake is presently selling off assets and is, on information and belief, in danger of declaring bankruptcy. For these

and other reasons more fully set forth in the attached Memorandum in Support, Plaintiffs submit that the relief sought by Plaintiffs is necessary in order to preserve the Plaintiffs' claim for restitution. Furthermore, because Chesapeake's financial situation is continually deteriorating with bad news arising almost daily, these matters should be heard on an expedited basis.

WHEREFORE, Plaintiffs move for:

1. An order declaring that any and all post-production costs retained by Chesapeake be and are the property of the Plaintiffs and subject to a claim for restitution; and,

2. An order requiring Chesapeake to account for post-production costs attributable to Plaintiffs' share of applicable wells on a quarterly basis and deposit same into the registry of the Court.

Plaintiffs further pray that the foregoing relief be heard by this Court on an expedited basis and be granted without the necessity of Plaintiffs' posting a bond.

BY: Respectfully submitted,

*s/Sally D. Fleming*

_____
Sally D. Fleming, LSBA No. 20814
Owen Courrèges, LSBA No. 31113
THE LAW OFFICE OF
SALLY DUNLAP FLEMING,
P.L.C.
305 Main Street
Belle Chasse, Louisiana 70037
Ph: (504) 891-3090
Fax: (504) 895-5190

Randall Davidson, LSBA No. 4715
Grant E. Summers, LSBA No. 23953
Wm. Hearne, Jr., LSBA No. 32496
Andrew D. Martin, LSBA No. 34947
J. Davis Powell, LSBA No. 33631
DAVIDSONSUMMERS, APLC
330 Marshall Street, Suite 1114
Shreveport, Louisiana 71101
Ph: (318) 424-4342
Fax: (318) 226-0168

Michael G. Stag, LSBA No. 23314
Ashley M. Liuzza, LSBA No. 34645
Matthew Rogenes, LSBA No. 36652
STAG LIUZZA, L.L.C.
One Canal Place
365 Canal Street, Suite 2850
New Orleans, Louisiana 70130
Ph: (504) 593-9600
Fax: (504) 593-9601

*Counsel for Plaintiffs.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of May, 2020, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which sent notification of the filing to all counsel of record.

*s/Sally D. Fleming*
_____
**SALLY DUNLAP FLEMING**